UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO SORIA, | Case No. CV 20-7136-VAP (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| J. HERNANDEZ, ET AL., | |
| Defendant(s). | |

## I.

## **INTRODUCTION**

Plaintiff Fernando Soria ("Soria"), proceeding pro se and in forma pauperis, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a violation of his Eighth Amendment right to be free from cruel and usual punishment. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

## II.

## **BACKGROUND**

On August 3, 2020, Soria, who is currently confined at Kern Valley State Prison, constructively filed[1] the Complaint against defendants J. Hernandez, O. Diaz,

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); see

1 B. Alpeza, Camacho, Chirino, and A. Pentes ("Defendants") in their individual
2 capacity.  ECF Docket No. ("Dkt.") 1.  Defendants are correctional officers at
3 California State Prison - Los Angeles County ("CSP-LAC") in Lancaster, California,
4 where Soria was confined at the time of the incident alleged in the Complaint.  <u>Id.</u> at
5 2-5.

6 Soria alleges that on August 24, 2018, defendants Hernandez, Diaz, and Alpeza
7 used excessive force against him when they came to his cell after receiving
8 confidential information that Soria and his cellmate "were selling drugs out of their
9 cell."  <u>Id.</u> at 11.  Soria alleges defendant Hernandez injured his head, eye and shoulder,
10 defendant Diaz slammed him to the ground and "jump[ed] on top of [him]" injuring
11 Soria's back, eye, and shoulder, and defendant Alpeza hit Soria "on the head with [a]
12 bat[]on while [Soria was] in cuffs".  <u>Id.</u> at 3.

13 Soria alleges he requested medical treatment from defendants Hernandez, Diaz,
14 and Alpeza, but instead was escorted out of the building by defendants Camacho and
15 Chirino.  <u>Id.</u> at 11-12.  Soria further alleges defendants Camacho and Chirino
16 "slammed [him] to the ground [and] injured his back just because [Soria] called them
17 an ass hole."  <u>Id.</u> at 12.

18 As a result of this incident, Soria alleges he "had to have staples in his head to
19 close his would in his head; and eye plus he needed to have shoulder surgery."  <u>Id.</u> at
20 13.  Soria alleges he "was then charged with an assault on a peace officer to cover up
21 the Defendants' use of excessive force against him."  <u>Id.</u>

22 The sole allegation against defendant Puentes is that he is "covering up the lies
23 of the officers [because] he was a supervisor at the prison."  <u>Id.</u> at 5.

24 The Complaint sets forth two "causes of action."  <u>Id.</u> at 12-14.  The first cause
25 of action alleges defendants Hernandez, Diaz, and Alpeza violated Soria's Eighth
26 Amendment rights when they used excessive force against him and denied him

27 ────────────────
28 <u>Douglas v. Noelle</u>, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to Section 1983 suits filed by pro se prisoners").

2

1  medical treatment for his injuries. Id. at 12-13. The second cause of action alleges
2  defendants Camacho and Chirino violated Soria's Eighth Amendment rights when
3  they used excessive force against him. Id. at 13-14.
4      Soria seeks declaratory and injunctive relief as well as compensatory and
5  punitive damages. Id. at 15.

## III.
## STANDARD OF REVIEW

8      Where a plaintiff is incarcerated and/or proceeding in forma pauperis, a court
9  must screen the complaint under 28 U.S.C. §§ 1915 and 1915A and is required to
10 dismiss the case at any time if it concludes the action is frivolous or malicious, fails to
11 state a claim on which relief may be granted, or seeks monetary relief against a
12 defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; see
13 Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).
14     Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a
15 "short and plain statement of the claim showing that the pleader is entitled to relief."
16 Fed. R. Civ. P. 8(a)(2). In determining whether a complaint fails to state a claim for
17 screening purposes, a court applies the same pleading standard as it would when
18 evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See
19 Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).
20     A complaint may be dismissed for failure to state a claim "where there is no
21 cognizable legal theory or an absence of sufficient facts alleged to support a
22 cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In
23 considering whether a complaint states a claim, a court must accept as true all of the
24 material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir.
25 2011). However, the court need not accept as true "allegations that are merely
26 conclusory, unwarranted deductions of fact, or unreasonable inferences." In re
27 Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint
28 need not include detailed factual allegations, it "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008).  However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and a court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If a court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000).  Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se.  Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).  However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///
///
///

# IV.

# DISCUSSION

# THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT PUENTES

## A. APPLICABLE LAW

Vicarious liability does not apply to Section 1983 actions; rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Hence, a defendant may be held liable as a supervisor only "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr, 652 F.3d at 1207 (internal quotation marks and citations omitted).

## B. ANALYSIS

Here, Soria fails to allege facts to infer any personal involvement by defendant Puentes, or a causal connection between defendant Puentes' conduct and the alleged assault. See Starr, 652 F.3d at 1207. Therefore, the Complaint fails to state a claim against defendant Puentes.

# V.

# LEAVE TO FILE A FIRST AMENDED COMPLAINT

As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). Plaintiff is advised that the Court's determination herein that certain allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. However, if Plaintiff asserts a claim in his First Amended Complaint that has been found to be deficient without addressing the claim's deficiencies, then the Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to Plaintiff's right at

that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following three options:

1.  Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above.  <u>The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.</u>

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint.  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  After amendment, the Court will treat all preceding complaints as nonexistent.  <u>Id.</u>  **Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint.**  <u>Lacey v. Maricopa Cty.</u>, 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  <u>Ismail v. Cty. of Orange</u>, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); <u>see also</u> <u>Ferdik</u>, 963 F.2d at

6

1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

      2.      Alternatively, Plaintiff may file a notice with the Court that he intends to stand on the allegations in his Complaint.  If Plaintiff chooses to stand on the Complaint despite the deficiencies in the claims identified above, then the Court will submit a recommendation to the assigned district judge **that the deficient claims discussed in this Order be dismissed with prejudice for failure to state a claim**, subject to Plaintiff's right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.  If the assigned district judge accepts the findings and recommendations of the undersigned Magistrate Judge and dismisses the deficient claims discussed in this Order, the Court will issue a separate order regarding service of any claims remaining in the Complaint at that time.

      3.      Finally, Plaintiff may voluntarily dismiss his claims against defendant Puentes and/or the entire action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  <u>The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss defendant Puentes or the action.</u>

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in this action being dismissed with prejudice for failure to state a claim, or for failure to prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated:  September 30, 2020

HONORABLE KENLY KIYA KATO
United States Magistrate Judge